Case number 147211 in re. W.A.R. LLP, Wade Robertson, appellant v. William C. Cartinhour, Jr. Mr. Robertson, pro se appellant, and Mr. Blume for the appellate. Good morning, Your Honor. Wade Robertson, attorney appearing in pro cur. May it please the Court. I'm just going to go over four points that I think would be helpful to clarify some of the issues that were raised in the brief. The first point was the jurisdictional issue. I would raise that first because it's de novo and it's a little easier, perhaps, for the Court to sort out. Mr. Cartinhour has made an argument that the District Court did actually have jurisdiction under an exception to the jurisdictional rule. He's also, at the same time, argued that there were exigent circumstances. In this particular case, this Court waited two years, over two years, between the time that it issued its show cause order and the time that it actually issued its injunction. I've made it clear in the brief that I've raised that there's no finding of any exigent circumstances. There's not even a mention. I don't believe the Court even addressed the point. If there had been exigent circumstances, Judge Lamberth would not have had to wait two years. I think what happened, there's an inference here that I would just suggest to the Court, is that Judge Lamberth most likely thought that he didn't have jurisdiction. Well, can I ask you about this? Yes. Because if the order, suppose the order said, suppose there were two separate orders. Suppose there's a first order that said, I'm entering an injunction that has to do with further proceedings in this case. And then a separate order that said, and I'm also entering an injunction that has to do with any additional filings in any related cases. So your jurisdictional argument is he can't do the first because that was sufficiently bound up in what was going on in the appeal that he had to wait until the mandate issued. I believe that's correct. But the second one, there would be no problem with issuing that injunction because that didn't have anything to do with what was pending. I believe that's correct. But that was actually the conclusion to the point that I was making. For instance, if he was concerned about something that was happening, some exigent circumstances, maybe something happening in his particular case. Exigent doesn't mean immediate. It could mean, but it doesn't have to mean that. Okay. That's not what I did. Exigent can perfectly mean just significant. Can it mean significant over a two-year period where nothing has happened, Your Honor? Okay. My point might be a little bit different, which is that, maybe I'm not following, but if he has jurisdiction to enter an injunction that covers all related proceedings except whatever is bound up in the appeal, and your argument, let's just give you the benefit of the doubt on this for purposes of this question, is that what he didn't have jurisdiction to do is to enter an injunction that enjoined further proceedings in this case because, i.e., the sanctions issue because that's what's pending on appeal. Well, if you look at his injunction, he does say, I'm entering an injunction that covers four categories of things. And it seems to me that at least with the three categories of things that are not bound up in the current appeal, the injunction is fine. So the best you can do is the argument that he didn't have jurisdiction to enter an injunction barring further filings in connection with this case, i.e., the sanctions order. If I understand the question correctly, I believe the answer is yes. Okay. Because that was what I was going to suggest is he could have, on his own docket, issued a series of orders that were tabbed in a very narrow fashion to deal with anything that he felt was inappropriate or needed to be stopped, perhaps on a temporary basis at that time, but that's not what he did. He's affected a large swath of cases. He's actually altered the status quo between the parties. The bankruptcy case is closed. The judgment in the jury trial has been affirmed. What's left? What is he prohibiting you from filing? Okay. So then that, if I understand you, then that question goes to the question of both. You say you've been enjoined from filing, quote, a wide range of other possible files. Okay. So what is there left, given, as I said, the fact that we've affirmed the jury award and the bankruptcy case is closed? What's left? So the issue is the overbreadth, which is the constitutional argument of the injunction, and with respect to what was left. Overbreadth for what? With respect to what was left. You mean for you filing a new lawsuit against Cardenaro for something having nothing to do with this case? No, Your Honor. So the first, answering this first question that you just asked, there were still pending matters, and there are still pending matters. For instance, the bankruptcy matters are not entirely resolved yet, and this was an issue which was raised in the brief, is that, you know. Something other than the sanctions is unresolved? What's unresolved other than the bankruptcy judge's sanctions? I've cited in my brief to the bankruptcy proceedings below Judge Lambert with Judge Teel, they're still ongoing, in which there are still orders that have to be complied with. And so what he's done, Judge Lambert's order is so broad that it's actually affected that jurisdiction of that court. If I can't even appeal from an order of the bankruptcy court to the district court, then I can never even get to this court. And he didn't even address that in his brief. I'm sorry, what's appealable other than the sanctions, the bankruptcy sanctions? You haven't told me what's that. The docket's not closed yet. Didn't he close the bankruptcy case? Okay, so. And isn't the jury verdict final? So the issue of jurisdiction. Yes or no? Is the jury verdict final in which case, Your Honor? Robertson 1, the first case that was before Judge Uvell? Yeah. The answer is yes. Okay. Is the jury verdict, there was no jury verdict in Robertson 2, which was transferred from Southern District in New York to Judge Uvell, which was dismissed on res judicata collateral estoppel grounds. And is there something left in that case? There's nothing left in that case. Okay. Phil, give me something else that there's something left in. So the bankruptcy case, there's still something left in that. Other than the sanction? Not at this time, not other than the sanctions. Okay, that's my point. But Justice Steele still has jurisdiction to other things. I thought he dismissed the bankruptcy case. He closed it on the merits.  The docket's still open. That's what I meant. I understand, Your Honor. And I certainly respect that position. The question then – What position? The position that perhaps that there's nothing else. And so, therefore, if there's nothing else, then why does it matter? Yeah. Right? But there is still something else. But more importantly, the question is, did he or did he not infringe upon this court's jurisdiction? On the jurisdiction, though, we have an exception for when appeals are taken interlocutorily and are from non-appealable orders. That seems to fit this case. Well, this court actually – that's never been determined. And this court actually – it actually asked for jurisdictional argument. Actually, I mentioned this in the brief. It actually asked for supplemental argument regarding whether or not the court has jurisdiction. So that decision, I mean, the implied finding from this court is that it did. So it was never – It's just a one-sentence judgment, correct? I don't recall if it's just one sentence or not. It was perfunctory. Yeah. But it was – but, you know, you asked for it. I think that if that had been an issue, it would have said something. So, you know, the implied finding was that that was not a problem. That the appeal that was taken to this court was a valid appeal. It's just that you disagreed with the grounds that were raised. Now, the argument on the other side, in part, was that that was an improper interlocutory appeal. No one ever found that to be true. That's an argument that Mr. Kartenhauer has made in his brief, but there was never any finding of that. I think when the court – when this court asked for supplemental briefing on the jurisdiction issue, I think that if that had been an issue, that would have – you would have said something. This question of jurisdiction actually, to some extent, dovetails to the next point, which is the relitigation issue, because that's what Judge Taylor has asked me about. Mr. Kartenhauer, in his brief, in this – in literally seven pages, pages 26 to 23, has repeatedly said that, you know, that this injunction is supposed to stop relitigation. It serves a purpose in a relitigation. This entire section of his brief. Judge Lamberth never said anything about relitigation in his case – in his decision. There's not a single mention anywhere in that memorandum that he actually uses the word relitigation. That's not what it's about. What he said can be summarized – is summarized most poignantly on page 5, where he starts off and says the legal standard here. The legal standard for Judge Lamberth was, quote, repeated frivolous and meritless filings will not be tolerated by this court. And relitigation – the distinction between an injunction that is intended to stop relitigation of matters versus one that's arguably punitive to punish meritless or what the judge considers repeated frivolous filings is an important distinction because it goes all the way back to the first case that – of the trilogy of cases that have established a jurisprudence on this issue in this court. Can I ask just one other question on the jurisdiction? We have another exception when appeals are frivolous. And I don't disagree that there are exceptions to the jurisdiction. I haven't. I've simply said to the court – You don't think the prior appeal was frivolous even though it was taken – Not this appeal, Your Honor. The prior appeal – There was a bankruptcy appeal that was deemed frivolous. The appeal that was pending at the time when Judge Lamberth issued his order that resulted in a one-sentence judgment. Or a short judgment. So there has been more than one appeal that has come up in the bankruptcy case. Right. I understand. I think the first one, which was on the merits, in which both Mr. – Attorney Tyke Clevenger and myself had arguments, that one was determined to be frivolous. No, I think Judge Kavanaugh is talking about the appeal from the district court to our court. Yes. Unless I'm misunderstanding. And so the question is – For the case that – for the case – this case. For the case that you said divested the district court of jurisdiction to impose the sanctions order at the time it did because the mandate had not issued. But that's this case. Yes. In this case, there's never been any determination. This appeal has never been – that particular appeal. You're done, right? Okay. Mr. Robichieff, time's up. Yes, thank you. Thank you. May it please the Court, my name is Jeff Blum on behalf of the affilee, William Cardenhower, to take up the most recent argument that was being discussed. What happened in the jurisdictional issue is in the earlier appeal, what Mr. Robertson did all the way back in the bankruptcy court, is he essentially filed a motion for reconsideration pursuant to bankruptcy rules. He then noted de novo review in a case where you can't have de novo review to the district court, a second level appeal. When that appeal was transferred, Judge Thiel in the bankruptcy court said – he transferred it, but he said this is premature and invalid. It's not the right way to do it. Then the bankruptcy or the district court made the same finding in its final order dismissing the case. So there has been a determination that that appeal was completely wrong taken. The word frivolous was not used, but it's elementary if you just look at the rules. One of the problems – If you take out frivolity, so let's – you have an argument that it's – that then the subsequent appeal to our court from that order by the district court was frivolous, because you say it was completely lacking in merit. Completely lacking in merit is basically frivolous, and therefore that was frivolous and therefore there's an exception to jurisdiction. But let's just suppose for a second that frivolousness is not in the equation. Then if a district court enters an order before the mandate issues in our court that says no further filings in this case, i.e. the case that's up on appeal, does the district court have jurisdiction to do that? Yes, it does. Even while – even before the mandate is issued? Absolutely. Why? The reason why is because the issues that were being addressed in this court on appeal had absolutely nothing to do with the anti-filing injunction that was issued in the district court. But if the appeal goes against you, the pending appeal goes against you, and it goes back down, there's going to be further filings in that case. Correct? Well, ultimately not in that case because it would have to go back down a level essentially, sir. It would have to go back down to the bank. But that's that case. I mean, I think you need frivolousness here or the interlocutory exception. And I think that we have that. But, yeah, the hypothetical took those out. I mean, I think you're checkmated if you took those out, but your argument is you can't take those out. I think that's what we're – Well, I just want to make sure that you are checkmated. I guess my question is if you take frivolousness out, do you have anything left? And I guess I'm not saying that you're wrong on frivolousness necessarily. I'm just saying so that I can understand the whole issue before us. If you don't have the point that the appeal taken was frivolous, then why is it the case that the district court retains jurisdiction to enter an order barring further filings in the matter that's up on appeal? Because the appeal wasn't taken appropriately, and therefore it's a nullity. Okay? The original appeal is a nullity. So what happens, and this was not something that was subject to any kind of question, so I understand your hypothetical. So that's the other exception, I think. I'm sorry to interrupt. Takes an interlocutory appeal from a non-appealable order? Exactly. Yes, sir. And if that were true, then in our decision, would we have – I think what we did was we affirmed. You affirmed, and part of what you had affirmed was – So should we have dismissed? – that it was premature. So if it was a procedurally barred appeal, then should we have dismissed? Because there wouldn't have been jurisdiction. Yes, sir. I think you should have. But it was – I mean, maybe we should have, but it was also an odd posture, because you had the bankruptcy court appeal to the district court, which has then appealed to us. And I can see why the word affirmed might have been used in that posture. And Mr. Robertson alluded to the fact that rebriefing was ordered. It took me months to figure out how we ended up in this procedural posture. I mean, it's a mess. And so I can see a lot of judges, a lot of attorneys who were involved in this, not understanding how we got here. Sure. I mean, there's a lot of reasons. I don't mean to suggest that something was obvious, but I'm saying in terms of if everybody had dotted their I's and crossed their T's in the optimal way, you think what should have happened, it should have been dismissed. Absolutely. And under the court's prior jurisprudence in the Saravia case, which I cited in my brief. Okay. The other thing, Your Honor, is Mr. Robertson says that the district court made no finding of exigency. Okay. A finding of exigency is not required. What is required under Powell, Urban, and Green, which are the three cases that deal with anti-filing injunctions in the circuit, what is required is that exigent circumstances exist. Okay. That is what is required. Now what has happened, and I don't want to spend too much time going through the procedure, is how we got here. When Mr. Robertson initiated bankruptcy proceedings in Tennessee, it was determined that his arguments were flat-out wrong. Judge Shuvel in the district court in the original jury verdict case determined that those very same arguments were wrong. Mr. Robertson then appealed the Tennessee matter. Again, the appellate court determined he was wrong. Now he has three, four warnings. The bankruptcy case gets transferred to the District of Columbia Bankruptcy Court, where the same arguments are now being reasserted and continue to be wrong. And that's what Judge Lambert's order goes through one by one. Simply put, saying you can't, in the face of multiple warnings, just continue to pursue something that is so frivolous. And the reason why it was frivolous is essentially that what occurred, factually speaking at the beginning, is Mr. Robertson entered into a partnership agreement with my client. My client invested $3.5 million into that partnership. Mr. Robertson lent himself that money, found his way into his personal brokerage account. Almost all of it disappeared. My client's left without any real remedy. So this very narrow transaction is how this all started. All these bankruptcy cases, he's arguing that the funds that landed in his personal brokerage account are funds of the partnership, notwithstanding the fact that they've been taken completely out of the partnership and sit in a personal brokerage account. The other thing that was continually argued in the bankruptcy courts is that the automatic stay would have precluded Mr. Kardenhauer from continuing his claims against Mr. Robertson personally, not against War LLP Partnership, which was removed by my predecessor counsel so as to not have issues with an automatic stay. But he continued to press and press and press. Judge Lambert's order specifically cites the many occurrences of appeals in this case, which he did not consider, and similar findings were found in this case. In terms of whether or not an anti-filing injunction is necessary, it absolutely is based on this record. Mr. Robertson indicated to the court that he has a whole host of cases that he wants to file. A whole host. He can't, for the life of me, figure out what they are, but I know I'll see them at some point. Judge Lambert noted that not only was there one case, the original case, in the D.C. District Court where we got a $7 million jury verdict. In an attempt to obstruct that, Mr. Robertson then goes to New York, where he files a case based on the same general set of facts. That fails. Judge Lambert again notes, well, he's now gone to California and filed a very similar case there. Because the original transaction was so narrow, it's a basic partnership dispute involving really two or three critical facts. Because it was so narrow, there could be nothing more that Mr. Robertson could file that would not simply put people at risk. And then Judge Feuvel, Judge Feuvel did a very nice memorandum order to the extent that the court needs guidance on the background of how we all do business. Judge Feuvel's memorandum order cites why he's claim precluded from really filing anything else related to this transaction. But that doesn't stop him. Okay, thank you. Mr. Robertson, you used up all time, but you can have one minute, if you need it. I do, Your Honor. Okay, one. The question, the issue that I want, the last issue I want to raise is the over breadth question. It's constitutionally overbroad. The one point that I would focus the court on the most is that if, in fact, there was a fraud on the court, I've mentioned this in my brief, then how am I supposed to go back and say to any of these district judges that there's a fraud on the court? And by the way, if there's a fraud on the court, then it might actually, in fact, this appellate court, because fraud on the court in the district court could never, you know, a decision that was affirmed here might have been affirmed on false evidence or false testimony or something that arises with a fraud on the court. So if it's so broad that it prevents that, if it's so broad as it's constructed, I can't even petition the court perhaps to a pre-filing review of some sort and say there's a problem. Then we're out. Thank you. Thank you. Case is submitted.
judges: Tatel, Kavanaugh, Srinivasan